NICHOLAS GIORNO, Plaintiff, *v.* BANCO DI NAPOLI TRUST COMPANY OF NEW YORK et al., Defendants.

Supreme Court, Special Term, New York County, July 28, 1943.

*Victor Rabinowitz* for plaintiff.

*Isadore H. Cohen, Sidney G. Kingsley* and *Edward Feldman* for defendants.

WALTER, J. Plaintiff was an employee of Banco Di Napoli Trust Company of New York, a New York banking corporation, the stock of which is owned largely, if not entirely, by Italian nationals. On November 19, 1941, that corporation entered into what is called a collective-bargaining agreement with a union of bank and brokerage employees. That agreement provides: " The Christmas bonus to be paid the employees by the bank shall be equal to two weeks' wages." It also provides that employees shall be granted annual vacations with pay, the duration of which varies according to length of employment, and " All vacations are to be granted between April 1st and October 1st inclusive * * * and any employee discharged after April 1 shall receive pro rata salary in lieu of vacation." On December 11, 1941, less than one month after the making of the above-mentioned agreement, the Superintendent of Banks took possession of the business and property of the trust company for purposes of liquidation, and the Federal authorities revoked the license under the Trading with the Enemy Act (U. S. Code, tit. 50, Appendix, § 1 *et seq.*), under which the trust company was then doing business. By the second and third causes of action set forth in the complaint in this action against the Superintendent as liquidator, plaintiff seeks to recover what he calls " Christmas bonus for 1941 " and a further sum because he says he did not receive any vacation " for the period from April 1, 1941, to December 11, 1941." The Superintendent moves to dismiss those causes of action.

It is difficult for me to perceive any theory upon which it might be thought that these causes of action are good. Apart from other obstacles which it would be necessary to hurdle before a recovery could be had, it is quite plain that as to the

vacation allowance the attempt is to give the agreement a retro-active effect by getting pay because of a vacation not given during a period antedating the making of the agreement; and as to the Christmas bonus the attempt plainly is to get a bonus at a Christmas which did not occur until after the agreement had been ended by governmental action.

The motion to dismiss the second and third causes of action is accordingly granted.